**Deloris DERHAAG, Respondent,**

v.

**CONTINENTAL WESTERN INSURANCE COMPANY, Appellant.**

**No. CX–85–39.**

Court of Appeals of Minnesota.

July 2, 1985.

Review Granted Sept. 30, 1985.

Trevor R. Walsten, Shakopee, for respondent.

Theodore J. Smetak, Brian J. Love, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Continental Western Insurance Co. appeals the trial court's ruling that respondent is entitled to underinsured motorist coverage under the truck policy issued to her cousin.

### FACTS

Respondent Deloris Derhaag was injured while a passenger in a car driven by Florian Dressen. Dressen's car collided with a Travis Truck Lines vehicle driven by Paul Travis on July 14, 1983. Respondent suffered serious injuries, including loss of her right arm.

Both parties agree that Dressen was insured through State Farm with a bodily injury liability limit of $50,000, and that Travis Truck Lines was insured through Integrity Mutual Insurance Co. with bodily injury limits of $100,000.

At the time of the accident, respondent lived with her cousin, Albert Ryback. He was the named insured on two insurance policies issued by Continental Western Insurance Co. (appellant). One policy provided coverage on his car and another provided coverage on his two trucks. Appellant admitted that respondent was an insured under Ryback's policies. Appellant has paid her about $60,000 in basic economic loss benefits under these policies.

Respondent contends that she is entitled to underinsured motorist coverage under the two Ryback policies. Appellant admits respondent has underinsured coverage under the auto policy, but denies underinsured coverage under the truck policy because of a policy exclusion.

The exclusion in the truck policy is in the definition of "underinsured highway vehicle," which provides:

A highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under this insurance.

Respondent brought a declaratory judgment action to determine her benefits and filed a demand for arbitration. In its August 1984 order the trial court ruled that respondent's claim for underinsured motorist coverage under the truck policy was excluded by the contract definition of "underinsured highway vehicle."

Respondent then brought a motion asking the trial court to vacate its August ruling, based upon the Minnesota Court of Appeals decision in *Hoeschen v. South Carolina*, 349 N.W.2d 833 (Minn.Ct.App. 1984). The trial court vacated its previous order and held that respondent was entitled to underinsured motorist coverage under the truck policy. Appellant seeks review of that judgment, entered December 5, 1984.

### ISSUE

Did the trial court err in applying *Hoeschen* to permit respondent to recover underinsurance benefits?

### ANALYSIS

In *Hoeschen* we held that despite the repeal of the provision mandating offers of underinsurance, Minn.Stat. § 65B.49, subd. 6(e) (1978), stacking of bodily injury and

underinsurance benefits is still allowed. That is, the Minnesota Supreme Court decision of *Holman v. All Nation Insurance Co.*, 288 N.W.2d 244 (Minn.1980), still controls.

Therefore, the insured is entitled to recover underinsured motorist benefits in addition to bodily injury liability benefits to the extent of her damages. As this court stated in *Hoeschen:*

> The repeal of section 65B.49 subd. 6(e) appears to have been in response to the perceived problems of a mandatory offer provision, involving burdens of proof and standards to be applied in determining whether an offer has been made to an insured. The offer of underinsured benefits was made optional, rather than mandatory, to relieve those problems. It has not changed the nature of the coverage. Our Supreme Court has made it clear that it will void policy exclusions even though the coverages are optional rather than mandatory, thereby permitting stacking of benefits. (Cites omitted.) Consequently, *Holman* remains a judicial guidepost and Hoeschen is entitled to recover underinsured motorist benefits in addition to bodily injury liability benefits to the extent of his damages.

*Hoeschen,* 349 N.W.2d at 838.

The decision in *Hoeschen* is now pending before the Minnesota Supreme Court. Absent a contrary ruling by that Court, we see no reason to depart from *Hoeschen.* Therefore, we affirm the trial court's decision.

## DECISION

We affirm.