**Leo NURMI, Respondent,**

v.

**FOREMOST INSURANCE COMPANY, Appellant.**

No. C7–85–1214.

Court of Appeals of Minnesota.

Nov. 12, 1985.

Review Denied Jan. 23, 1986.

H. Jeffrey Peterson, Virginia, for respondent.

John R. Baumgarth, Duluth, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Foremost Insurance Company (Foremost) appeals from a judgment declaring that the respondent is entitled to recover underinsured motorist benefits under a policy issued by Foremost to the extent actual losses may be proved. We affirm.

## FACTS

On March 10, 1982, respondent Leo Nurmi was involved in a motor vehicle accident and sustained personal injuries. On the date of the accident, Nurmi was operating a rented vehicle insured by Foremost. The Foremost policy provided bodily injury liability coverage of $25,000 per person and underinsured motorist coverage of $25,000 per person.

The driver of a second vehicle involved in the accident was insured under a policy providing bodily injury liability coverage of $100,000 per person. Nurmi sued that driver and collected the policy limit of $100,000.

Nurmi claimed that his damages exceeded $100,000, and demanded that Foremost tender payment pursuant to its underinsured motorist coverage provisions. Foremost refused to provide underinsured motorist coverage, claiming that the second motor vehicle was not "underinsured" within the meaning of Foremost's policy. Foremost's policy provided:

"Underinsured highway vehicle" means a highway vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under this insurance * * *.

Foremost argues that, because the liability insurance coverage on the second vehicle ($100,000) exceeded the limits of liability under the Foremost policy ($25,000), the second vehicle was not "underinsured" as defined above. The trial court determined that the second vehicle was "underinsured" despite Foremost's policy definition, relying

upon our court's decision in *Hoeschen v. South Carolina Insurance Co.*, 349 N.W.2d 833 (Minn.Ct.App.1984), *pet. for rev. granted*, 356 N.W.2d 49 (Minn.1984), discussed below.

## ISSUE

Did the trial court erroneously determine, in accordance with *Hoeschen*, that the second vehicle was "underinsured"?

## ANALYSIS

Prior to 1977, Minn.Stat. § 65B.49, subd. 6(e) required that an insurer offer underinsured motorist coverage, and provided that such coverage was limited to the amount by which it exceeded a tortfeasor's liability coverage. *Lick v. Dairyland Insurance Co.*, 258 N.W.2d 791, 793 & n. 2 (Minn. 1977). An amendment to the No-Fault Act in 1977 "clarified" the Act by eliminating this limitation upon underinsured motorist coverage. *See Holman v. All Nation Insurance Co.*, 288 N.W.2d 244, 250–51 (Minn.1980). The *Holman* court reasoned:

> Thus, if the *Lick* rule applies to accidents occurring after January 1, 1975 [the effective date of the Minnesota No-Fault Act], a driver who carries underinsured motorist coverage in an amount equal to the minimum liability coverage required, if hit by another driver carrying either no liability coverage at all or only the minimum required, can collect no underinsured motorist benefits at all. He will recover only uninsured motorist benefits. Yet the legislature has mandated that underinsured motorist coverage be offered to every insured in an amount equal to the minimum liability coverage.

*Id.* at 250. The *Holman* court therefore concluded that underinsured motorist coverage must be available whenever an insured's damages exceed the amount of an underinsured driver's liability coverage. *Id.* at 251.

In 1980 the Minnesota legislature again amended the No-Fault Act, this time eliminating the mandatory offer provision altogether. In *Hoeschen*, this court stated that, despite the repeal of the mandatory offer provision, the *Holman* rule is still applicable, explaining:

> The purpose of underinsured motorist protection is "to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile." *Myers v. State Farm Mutual Automobile Insurance Co.*, 336 N.W.2d 288, 291 (Minn.1983).

> \* \* \* \* \* \*

> [By the repeal of the mandatory offer provision, t]he offer of underinsured benefits was made optional, rather than mandatory \* \* \*. It has not changed the nature of the coverage. Our Supreme Court has made it clear that it will void policy exclusions even though the coverages are optional rather than mandatory, thereby permitting stacking of benefits. *American Motorist Insurance Co. v. Sarvela*, 327 N.W.2d 77 (Minn. 1982). *Cf. Burgraff v. Aetna Life & Casualty Co.*, 346 N.W.2d 627, at 630 (Minn.1984). Consequently, *Holman* remains a judicial guidepost and Hoeschen is entitled to recover underinsured motorist benefits in addition to bodily injury liability benefits to the extent of his damages.

*Hoeschen*, 349 N.W.2d at 838.

This court has followed the *Hoeschen* reasoning upon two occasions. *See Progressive Casualty Insurance Co. v. Kraayenbrink*, 370 N.W.2d 455, 461 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Sept. 19, 1985); *Derhaag v. Continental Western Insurance Co.*, 370 N.W.2d 467, 469 (Minn.Ct.App.1985), *pet. for rev. granted* (Minn. Sept. 30, 1985). In October 1984, the Minnesota Supreme Court accepted review of *Hoeschen*, 356 N.W.2d 49. As a decision has not yet been published by that court, we continue to adhere to our decision in *Hoeschen*.

We note that the 1985 legislature has again amended the No-Fault Act; however, because the accident in this case occurred

in March 1982, the new statutory provisions are not applicable here.

We also note that Foremost has requested this court to order deferment of further action at the arbitration level until the supreme court issues a decision on *Hoeschen.* We decline to do so.

### DECISION

We affirm.