**AUSTIN MUTUAL INSURANCE COMPANY, Petitioner, Appellant,**

v.

**James J. TEMPLIN, Respondent.**

**No. C7–88–420.**

Supreme Court of Minnesota.

Sept. 2, 1988.

George Charles Hottinger, Dale O. Thornsjo, Minneapolis, for petitioner, appellant.

John W. Carey, Steven D. Emmings, Fairfax, for respondent.

AMDAHL, Chief Justice.

We granted appellant Austin Mutual Insurance Company's petition for further review to determine whether its appeal of an adverse judgment in a declaratory judgment action was premature. The appeal was taken from a judgment entered pursuant to Minn.Stat. § 555.07 (1986) in accordance with Minn.R.Civ.App.P. 103.03(a) and all issues raised in the declaratory judgment action were determined by the judgment. We therefore conclude that the judgment was appealable and that the court of appeals erred in dismissing the appeal. Accordingly, we remand to the court of appeals for a determination of the merits of the appeal.

Austin Mutual commenced this declaratory judgment action to resolve certain no-fault coverage issues arising under an insurance policy it had issued to the respondent James Templin. It is undisputed that the issues raised in this action were not subject to arbitration. *See, e.g., Myers v. State Farm Mut. Auto. Ins. Co.,* 336 N.W. 2d 288 (Minn.1983). However, once coverage issues were resolved, the insurance contract required arbitration of the amount of damages.

On December 3, 1987, the trial court denied Austin Mutual's motion for summary judgment. The insurer's attempt to appeal from the adverse order was rejected by the court of appeals as premature. Thereafter, on February 8, 1988, the trial court entered judgment in favor of Templin, representing a final adjudication of all claims asserted in the action.

Austin Mutual then appealed from this final judgment; again the court of appeals rejected the appeal as premature, concluding that, until damages were determined in arbitration proceedings, the matter was not ripe for appeal. The court of appeals reasoned that "[t]he February 8 judgment effectively directs the parties to proceed to arbitration, and an order or judgment compelling arbitration is not appealable as of right, *see* Minn.Stat. § 572.26, subd. 1 (1986)." In our view, however, the judgment entered was a final adjudication on the merits, the Uniform Arbitration Act was not implicated[1] and the judgment was appealable as of right.

The declaratory judgment statute authorizes a party to have a judicial determination of any question of construction or validity of a contract. Minn.Stat. § 555.02 (1986). *See, e.g., State Farm Mut. Auto. Ins. Co. v. Skluzacek,* 208 Minn. 443, 294 N.W. 413 (1940). A declaratory judgment has the same force and effect as a final judgment, Minn.Stat. § 555.01 (1986) and may be reviewed in the same manner as other judgments and decrees. Minn.Stat. § 555.07 (1986). Minn.R.Civ.App.P. 103.-

---

1. In the instant case, no application was made to compel arbitration. Moreover, the arbitrable issues were beyond the scope of the declaratory judgment action. As a result, Minn.Stat. § 572.26 (1986) governing appeals in arbitration proceedings has no application here.

03(a) allows an appeal "from a judgment entered in the trial court" without reference to whether that judgment arises in a declaratory judgment proceeding. The court of appeals' attempt to create a distinction under these circumstances is without basis.

This court has on a number of prior occasions considered an appeal taken from a declaratory judgment on the question of insurance coverage without a prior determination of damages. *See Hoeschen v. South Carolina Ins. Co.*, 378 N.W.2d 796 (Minn.1985); *Sobania v. Integrity Mut. Ins. Co.*, 371 N.W.2d 197 (Minn.1985).[2]

As a practical matter, an appeal as of right promotes judicial efficiency and economy. Allowing the appeal at this stage of the proceedings will create certainty as to the necessity of arbitration. If the trial court was correct, arbitration on damages can proceed without fear of a coverage determination being later overturned on appeal. If, on the other hand, the trial court erred, presumably arbitration would be unnecessary and both parties would be spared further expense.

For the foregoing reasons, we conclude that the judgment entered in this case was appealable pursuant to Minn.R.Civ.App.P. 103.03(a) and therefore reverse the decision of the court of appeals and remand to that court for a consideration of the appeal on the merits.

Reversed and remanded to the court of appeals for further proceedings.

---

**2.** *See also Nurmi v. Foremost Ins. Co.*, 376 N.W.2d 293 (Minn.App.1985), *rev. denied* (Minn. 1986); *Progressive Casualty Ins. Co. v. Kraayen-brink*, 370 N.W.2d 455 (Minn.App.1985), *rev. denied* (Minn.1985).