Robert CRAPSON, et al., Respondents,

v.

The HOME INSURANCE COMPANY, Appellant.

No. C8-92-1385.

Court of Appeals of Minnesota.

Feb. 9, 1993.

Carolyn J. Trevis, James B. Hovland, Krause & Rollins, Chartered, Minneapolis, for respondents.

Katherine L. MacKinnon, Theodore J. Smetak, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Respondents Robert and Cynthia Crapson brought a declaratory judgment action against appellant Home Insurance Company for a determination that the policy in question provides for multiplication of the limit of uninsured motorist (UM) coverage by the number of vehicles insured by the policy. Home Insurance claimed that multiplication was improper and that liability was limited to $50,000—the limit on the automobile involved in the accident. Both parties moved for summary judgment, and the trial court ruled in favor of the Crapsons. We affirm.

## FACTS

On February 8, 1986, Robert Crapson was injured in an automobile accident with an uninsured motorist while driving a tractor-trailer owned by his employer, Transport Corporation of America, Inc. It is undisputed that Crapson is covered by insurance provided to Transport by Home Insurance.

The declarations page of the Home Insurance policy provides that the most Home Insurance will pay for any one accident or loss under UM coverage is $50,000. An endorsement entitled CA 2X 17 provides:

E. Our Limit of Liability

1. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations.

A subsequent endorsement entitled CA 21 24 provides:

C. Paragraph 1. of OUR LIMIT OF LIABILITY is changed to read:

1. Regardless of the number of insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations. If there is more than one covered auto our limit of liability for any one accident is the sum of the limits applicable to each covered auto.

The Crapsons made a claim to Home Insurance under Transport's policy, and a dispute arose over the benefits available.

In making their claim, the Crapsons contended the policy provided for multiplication of the limit of UM coverage ($50,000) by the number of vehicles insured by the policy.[1] Home Insurance argued that no multiplication was allowed under the policy and that the Crapsons' recovery was limited to $50,000. The trial court concluded that the clear and unambiguous language of the policy provided for multiplication of the liability limits by the number of covered autos.

On appeal Home Insurance contends that the Crapsons should not be permitted to multiply the liability by the number of covered vehicles and that, if multiplication is permitted, the case should be remanded to the trial court for a determination of the number of covered vehicles.

## ISSUES

1. Are the Crapsons entitled to have the liability limit under the Home Insurance policy multiplied by the number of covered vehicles?

2. Should the case be remanded to the trial court for a determination of the number of covered vehicles?

## ANALYSIS

To reverse a summary judgment, this court must determine that an issue of material fact exists or that the trial court misapplied the law. *Betlach v. Wayzata*

---

1. It is not clear how many vehicles were insured by the policy. The trial court stated it was "over 200".

*Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

■ 1. Home Insurance first contends that the Crapsons should not be permitted to "stack" the UM coverage because they are not named insureds and are only covered because Robert Crapson was an occupant of the named insured's vehicle. In order to stack coverages, the claimant must be an insured under all the coverages to be stacked. *Murphy v. Milbank Mut. Ins. Co.,* 388 N.W.2d 732, 738 (Minn.1986); *Doerner v. State Farm Mut. Auto. Ins. Co.,* 337 N.W.2d 394, 396 (Minn.1983). If an employee is an insured solely as an occupant of a vehicle, he is barred from stacking the coverages. *Murphy,* 388 N.W.2d at 738.

■ The Crapsons' claim rests on the policy language, however, rather than on stacking principles.

> Stacking * * * involves the pyramiding of separate first-party coverages attributable to two or more vehicles despite policy language prohibiting stacking. * * * if the policy itself sets the limit of the insurer's liability as the sum of the limits applicable to each covered vehicle, there is no necessity to resort to the stacking principle. The limit is fixed by the policy language, not in derogation of it.

*Rusthoven v. Commercial Standard Ins. Co.,* 387 N.W.2d 642, 644 n. 1. (Minn.1986); *see also Garrick v. Northland Ins. Co.,* 469 N.W.2d 709, 712 (Minn.1991) (no merit to stacking argument where policy provides for "sum of the limits" coverage). Therefore, we find no merit to Home Insurance's stacking argument.

■ Home Insurance next contends that the policy language at issue is ambiguous and the trial court should have looked outside of the language of the policy to the reasonable expectations of the parties to determine the UM coverage limit. Previous appellate decisions have interpreted contract language identical to that at issue here as unambiguously providing for multiplication of the liability limit by the number of covered vehicles. *See Garrick,* 469 N.W.2d at 713; *Levin v. Aetna Casualty &*

*Sur. Co.,* 465 N.W.2d 99, 101 (Minn.App. 1991), *pet. for rev. denied* (Minn., Mar. 27, 1991). We see no reason to depart from this precedent, and we therefore hold that the unambiguous meaning of the policy language is to allow for multiplication of the liability limit by the number of covered vehicles.

Home Insurance cites *Curtis v. Home Ins. Co.,* 392 N.W.2d 44 (Minn.App.1986), in support of its argument that the policy language here is ambiguous. In *Curtis,* this court concluded the policy language was ambiguous and it resorted to the reasonable expectations doctrine to determine the meaning of the policy. *Id.* at 45. However, *Curtis* involved policy language which was clearly ambiguous. The Home Insurance policy at issue in *Curtis* provided:

> Regardless of the number of *covered autos,* insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNDERINSURED MOTORISTS INSURANCE shown in this endorsement. If there is more than one covered auto our limit of liability for any one accident is the sum of the limits applicable to each covered auto.

*Id.* (emphasis added). The Home Insurance policy at issue here provides:

> Regardless of the number of insureds, claims made or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORISTS INSURANCE shown in the declarations. If there is more than one covered auto our limit of liability for any one accident is the sum of the limits applicable to each covered auto.

The use of the term "covered autos," which appeared in the first sentence of the *Curtis* case, created an ambiguity which is not present here. The policy as it now reads unambiguously provides for multiplication of the liability limit by the number of covered autos. *See Garrick,* 469 N.W.2d at 713; *Levin,* 465 N.W.2d at 101.

2. Finally, Home Insurance contends that the case should be remanded to the trial court for a factual determination of the number of vehicles covered by the policy and the amount of damages due the Crapsons. The Crapsons respond that this is an arbitrable issue. We decline to remand this issue to the trial court because the trial court's judgment fully determined the only issue raised in the declaratory judgment action—whether multiplication of the liability limit was proper. The trial court was not obligated to determine the number of vehicles covered by the policy. *See Austin Mutual Ins. Co. v. Templin,* 428 N.W.2d 387, 388–89 (Minn.1988) (judgment in declaratory judgment action brought to determine insured's entitlement to and extent of coverage is a final, appealable judgment even if proceedings on damages have not yet taken place).

## DECISION

Affirmed.