**Allen D. JOHNSON, Appellant,**

v.

**JOHN DEERE COMPANY, A DIVISION OF DEERE & COMPANY, a corporation, Defendant and Third Party Plaintiff, Appellee,**

v.

**William Ivan JOHNSON, Third Party Defendant.**

**No. 90–5379.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1991.

Decided June 5, 1991.

---

Dennis Johnson, Watford City, N.D., for appellant.

B. Timothy Durick, Bismarck, N.D., for appellee.

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

MAGILL, Circuit Judge.

In this personal injury diversity action, Allen Johnson appeals from the district court's [1] judgment denying recovery to Johnson on his products liability claim against the John Deere Company. We affirm.

I.

The product at issue in this case is the John Deere model 200 stack wagon, which picks up mown hay and compresses it into stacks. To unload the stacks, the driver of the tractor pulling the wagon remains in the tractor cab and uses hydraulic units and a power take off to control the unlatching of the wagon's rear door. Johnson,

---

1. The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota.

however, had modified the unlatching control so as to require either the driver or another to leave the cab and unlatch the rear door manually or with a trip rope.

On July 6, 1986, Johnson and his father were preparing their stack wagon for the upcoming hay harvesting season. After servicing the wagon, Johnson asked his father to cycle the wagon through its operations. While the wagon was operating, its 500–pound rear door unlatched and fell on Johnson, causing extensive injuries.

Johnson sued Deere in federal district court, alleging three bases for recovery: products liability, negligence, and breach of warranty.[2] The major issues at trial were how the door became unlatched and the installation and maintenance of the cables that controlled the door's opening.

The jury returned verdicts in favor of Johnson on the products liability and negligence claims. After liability had been apportioned, Johnson's damage award was $142,000. The jury also answered the special verdict form as follows:

1(b) Was the stack wagon involved in this case altered or modified by Allen D. Johnson or [his father]?

Answer: Yes.

1(c) If your answer to question 1(b) is "Yes," was the alteration or modification of the stack wagon a substantial contributing cause of Plaintiff's injuries?

Answer: Yes.

App. at 49. Based on these findings, the district court denied recovery and entered judgment in favor of Deere, reasoning that N.D.Cent.Code § 28–01.1–04 (Supp.1989) provided an absolute defense to Johnson's claims.[3] The district court held that these findings barred recovery for any claim predicated on an alleged defect, failure to warn or protect, or failure to properly instruct. Johnson's verdicts, the district court ruled, were barred because his claims were based on these theories.

Johnson then filed a motion for an amended or altered judgment under Fed.R. Civ.P. 59(e), arguing: (1) that the statute was unconstitutionally void for vagueness; (2) that the statute violated North Dakota's equal protection clause; and (3) that the statute did not apply to actions sounding in negligence. Johnson also moved the court, in the alternative, to certify questions concerning the scope and meaning of the statute to the North Dakota Supreme Court because issues of first impression under state law were involved. The district court denied all of Johnson's motions on June 19, 1990, and Johnson now raises these issues before this court.

## II.

### A. Section 28–01.1–04 and Certification

Johnson first argues that the issues in this case should be certified to the North Dakota Supreme Court. He asks this court to do so or, in the alternative, to hold that the district court abused its discretion in not certifying the questions.

■ Whether a federal court should certify a question to a state court is a matter of discretion. *See Perkins v. Clark Equip. Co.*, 823 F.2d 207, 209 (8th Cir.1987). As the D.C. Circuit has stated: "The most important consideration guiding the exercise of this discretion ... is whether the reviewing court finds itself genuinely uncertain about a question of state law...." *Tidler v. Eli Lilly & Co.*, 851 F.2d 418, 426 (D.C.Cir.1988). We have expressly held

---

**2.** Deere impleaded Johnson's father as a third-party defendant, but settled with him before the case was submitted to the jury.

**3.** The statute, part of North Dakota's Products Liability Act, N.D.Cent.Code §§ 28–01.1–01 to 07 (Supp.1989), provides:

No manufacturer or seller of a product shall be held liable for any injury, death, or damages to property sustained as a result of an alleged defect, failure to warn or protect, or failure to properly instruct in the use or misuse of that product, where a substantial contributing cause of the injury, death, or damage to property was an alteration or modification of the product, which occurred subsequent to the sale by the manufacturer or seller to the initial user or consumer, and which changed the purpose, use, function, design, or intended use or manner of use of the product from that for which the product was originally designed, tested, or intended.

*Id.* § 28–01.1–04.

that without a "close" question of state law or the lack of state sources, a federal court should determine all the issues before it. *Perkins*, 823 F.2d at 209.

■ The district court believed that the issues in this case were not close enough to justify certification. We agree. Therefore, we decline to certify Johnson's questions and hold that the district court did not abuse its discretion in similarly refusing to do so. We thus proceed with our analysis of Johnson's claims.

### B. Section 28–01.1–04 and Negligence

■■ Johnson argues that § 28–01.1–04 does not apply to actions based on negligence and that the district court thus erred in denying him recovery. Johnson specifically contends that because the North Dakota Supreme Court has stated that negligence and strict liability are separate theories of recovery, *see Mauch v. Manufacturers Sales & Serv., Inc.*, 345 N.W.2d 338, 345 (N.D.1984), recovery for negligence cannot be precluded under the statute. That there are separate theories of recovery, however, merely goes to the focus of the inquiry; i.e., in a strict liability failure to warn claim the focus is on the nature of the product, while in a negligent failure to warn claim the focus is on the defendant's conduct. *Id.* at 346. Ancillary to this argument is Johnson's contention that the North Dakota Products Liability Act applies only to strict liability claims. This contention is incorrect. Section 28–01.1–06 of the Act defines products liability action as "any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought...."

■ Thus the issue becomes whether Johnson's specific negligence claim is premised on a theory of recovery the statute prohibits, namely, defect, failure to warn, or failure to instruct. In his complaint, Johnson alleged that Deere was negligent because it breached a duty to perform, in that Deere:

(a) Assembled the lower rear door and its opening mechanism that lacked necessary safety equipment and devices;

(b) Failed to design and assemble the lower rear door of the stack wagon and the opening mechanism that would avoid or minimize the risk of injury to persons when put to its foreseeable use;

(c) Failed to design and assemble the lower rear door of the stack wagon and its opening mechanism to include safety devices that would prevent the lower rear door from being inadvertently opened;

(d) Failed to instruct purchasers and users of the stack wagon of the danger involved in being in close proximity to the lower rear door should it inadvertently open;

(e) Failed to warn purchasers and users of the dangers and risks of the lower rear door of the stack wagon inadvertently opening;

(f) Failed to design and assemble the lower rear door and its opening mechanism such that it would protect users from the danger of the lower rear door of the stack wagon from inadvertently opening;

(g) That the Defendant otherwise failed to act as a reasonable and prudent person under the circumstances insofar as the lower rear door of the John Deere Stack Wagon Model 200.

Appellant's App. at 13–14. Of the six specific components of Deere's alleged breach, recovery for three of them is clearly barred by the statute. Johnson's component (a), that Deere assembled the stack wagon without necessary safety equipment, is synonymous with a defect and thus the statute precludes recovery. Recovery for component (d), failure to instruct, is expressly barred. Although the statute also expressly bars recovery for component (e), failure to warn, the North Dakota Supreme Court has recently held that "§ 28–01.1–04 does not preclude a seller's liability when it is premised on the negligent failure to provide adequate warnings of the dangerous consequences resulting from a foreseeable alteration or modification of a product." *See Witthauer v. Burkhart Roentgen, Inc.*, 467 N.W.2d 439, 445 (N.D.1991). *Wit-*

*thauer* does not help Johnson, however, because the jury found that Johnson's alteration was not foreseeable.[4] *See* Appellant's App. at 50.

The other three specific components, (b), (c), and (f), involve what Johnson terms "negligent design," recovery for which, while not expressly barred, is nonetheless precluded under the statute. Johnson argues that § 28–01.1–04 cannot bar recovery for negligent design because a negligent design finding does not rest on the presence of a defect. In this case, we disagree. Examining the negligent design components (b), (c), and (f), there is little doubt that Johnson's allegations are tantamount to alleging a design defect. Although North Dakota has no reported decisions on this issue, Minnesota, to which North Dakota often looks when applying its own negligence laws, *see, e.g., Layman v. Braunschweigische Maschinenbauanstalt, Inc.,* 343 N.W.2d 334, 347 (N.D.1983), has addressed the similarity between negligent design and design defect. In *Bilotta v. Kelley Co.,* 346 N.W.2d 616 (Minn.1984), the Minnesota Supreme Court concluded that negligent design and strict liability for design defect were essentially based on the same theory, and differed primarily in their focus of inquiry: "[I]n strict liability, knowledge of the condition of the product and the risks involved in that condition will be imputed to the manufacturer, whereas in negligence these elements must be proven." *Id.* at 622. Other states have reached similar conclusions. *See Cronin v. J.B.E. Olson Corp.,* 8 Cal.3d 121, 104 Cal. Rptr. 433, 442–43, 501 P.2d 1153, 1162–63 (1972); *Beshada v. Johns–Manville Prods. Corp.,* 90 N.J. 191, 447 A.2d 539, 544 (1982). Commentators also have suggested that the negligent design and strict liability design defect theories are essentially the same. *See* Diamond, *Eliminating the "Defect" in Design Strict Products Liability Theory,* 34 Hast.L.J. 529, 556 (1983); Steenson, *Design Defect and Failure to Warn Cases,* 14 Wm. Mitchell L.R. 443, 457 (1988); Wade, *On the Nature of Strict Tort Liability for Products,* 44 Miss.L.J. 825, 849–51 (1973).

In sum, although § 28–01.1–04 does not explicitly preclude recovery for a negligence cause of action, the district court properly denied Johnson's recovery because his negligence claim was premised on theories the statute does preclude.

## C. Section 28–01.1–04 and the North Dakota Equal Protection Clause

■ Johnson next argues that because § 28–01.1–04 does not permit recovery for a plaintiff whose alteration or modification of the product substantially contributed to her injury, but does permit recovery where the alteration did not substantially contribute to the injury, the statute violates the state's equal protection clause.[5] In making this argument, Johnson relies primarily on *Hanson v. Williams County,* 389 N.W.2d 319 (N.D.1986). In *Hanson,* the North Dakota Supreme Court held that the Products Liability Act's statute of repose, which barred recovery unless the injury occurred within ten years of the initial purchase of the product or within eleven years of its manufacture, violated equal protection because the ten- and eleven-year classifications were arbitrary, i.e., were not closely enough related to the purposes behind the statute. *Id.* at 328.

Johnson argues that just as the ten- and eleven-year cutoff dates for recovery were arbitrary and not closely related to the purposes of the Products Liability Act, so is the denial of recovery to a person who is injured as a result of having modified or

4. The jury specifically found that Johnson's "misuse" of the stack wagon caused his injuries, and that the "misuse" was not foreseeable. Because the only "misuse" on the facts of this case involved Johnson's alteration, the jury necessarily found that the alteration was not foreseeable.

We also note that in his reply brief, Johnson argues that the jury's negligence finding was not based on John Deere's failure to warn. *See* Reply Brief at 12.

5. "No special privileges or immunities shall ever be granted which may not be altered, revoked or repealed by the legislative assembly; nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens." N.D. Const. art. 1, § 21.

altered the product. We disagree. One of the North Dakota Products Liability Act's purposes is to protect manufacturers. *See* N.D.Cent.Code § 28–01.1–01(2). Section 28–01.1–04 is obviously closely related to this purpose. The *Hanson* decision, however, holds that this is not enough, and that "[s]ome rational basis must be advanced for the [classification], other than the economic interests of manufacturers." 389 N.W.2d at 328. The other rational basis for the classification in this case involves another of the Products Liability Act's purposes, namely, to "expedite early evaluation and settlement of claims." N.D.Cent. Code § 28–01.1–01(3). We believe that § 28–01.1–04 is sufficiently related to this purpose. The statute puts potential plaintiffs on notice that if they have altered the product, they may not recover. This is a strong incentive to an early evaluation and settlement of a claim. For these reasons, § 28–01.1–04 does not violate North Dakota's equal protection clause.

D.   Section 28–01.1–04 and Vagueness

■ Johnson's next argument is that § 28–01.1–04 is unconstitutionally vague under the state and federal constitutions because it fails to define "substantially contributing cause." Both parties agree that the analysis in *Stoner v. Nash Finch, Inc.*, 446 N.W.2d 747 (N.D.1989), controls. The relevant language in *Stoner* states:

> The void-for-vagueness doctrine applies to civil statutes as well as criminal statutes.... We have said that the due process clauses of the federal and state constitutions require definiteness of statutes so that the language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for judges and juries to fairly administer the law.... In determining whether the meaning of a statute is fairly ascertainable or adequate warning is given, we must view the statute from the standpoint of the reasonable person who might be subject to its terms.

*Id.* at 755 (citations omitted). The court in *Stoner* held a statute not unconstitutional-

ly vague where the challenged words had "well-established meanings, [were] sufficiently clear to persons of ordinary intelligence to afford a practical guide for behavior, and [were] capable of application in an even-handed manner." *Id.* at 756.

Johnson contends that § 28–01.1–04 is unconstitutionally vague because the phrase "substantial contributing cause" cannot be interpreted and applied by common understanding and practice. We note as an initial matter that Johnson never offered an instruction as to the meaning of "substantial contributing cause." If at trial he thought the phrase so obfuscatory, he should have proffered such a clarifying instruction. We also note that Johnson has no case law support for his position. In any event, we believe that "substantial contributing cause" is not unconstitutionally vague. Johnson's main problem with the phrase appears to be with "substantial;" however, this word is found throughout the law and is clearly within the understanding of the ordinary person. *511 Detroit St., Inc. v. Kelley*, 807 F.2d 1293, 1296 (6th Cir.1986), *cert. denied*, 482 U.S. 928, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987); *see also United States v. Clark*, 912 F.2d 1087, 1090 (9th Cir.1990) (holding that "substantial portion" was not unconstitutionally vague because the words were "of sufficient clarity and common usage"), *cert. denied*, —— U.S. ——, 111 S.Ct. 705, 112 L.Ed.2d 695 (1991). Therefore, Johnson's vagueness challenge fails.

III.

Accordingly, the judgment of the district court is affirmed.