STATE FARM INSURANCE COMPANIES, Respondent,

v.

**Gary and Kelly SEEFELD, Respondents,**

**Kimberly K. and Craig J. Smith, Petitioners, Appellants.**

No. C4–90–2612.

Supreme Court of Minnesota.

March 6, 1992.

David W. Skobergboe, Skogerboe and Skogerboe, Chartered, Blaine, for appellants.

Kay Nord Hunt, V. Owen Nelson, Lommen, Nelson, Cole & Stageberg, Minneapolis, for State Farm.

John T. Anderson, Anderson & Geisheke, P.A., Minneapolis, for Seefelds.

YETKA, Justice.

In this declaratory judgment action, petitioners appeal from a court of appeals' decision holding that State Farm Insurance Companies are not obligated to defend or indemnify Gary and Kelly Seefeld under their mobile homeowner's policy for injuries sustained by Kimberly Smith when she was injured in a two-wheel utility trailer being pulled by a four-wheel all-terrain vehicle (ATV). Petitioners contend, and the trial court agreed, that coverage under the mobile homeowner's policy is available because an independent non-vehicle-related act—the negligent design and construction of the trailer—concurrently caused Kimberly Smith's injuries. State Farm asserts that its exclusion in the homeowner's policy for bodily injury "arising out of the ownership, maintenance, use, loading or unloading of" a motor vehicle precludes coverage for the negligent design and construction of the utility trailer. We agree that the exclusion precludes coverage under the policy in this case.

For purposes of the declaratory judgment action, the parties stipulated to the following facts:

In June 1985, Gary Seefeld had a mobile homeowner's insurance policy with State Farm. Kelly Seefeld is Gary Seefeld's daughter and was a resident minor at the time of the accident. Kimberly Smith is Kelly Seefeld's friend. On June 5–6, 1985, Kimberly Smith stayed overnight at the Seefeld's home in Mora, Minnesota. On the morning of the 6th, Mr. and Mrs. Seefeld asked the girls to move several stones from around the mobile home and put them in the woods at the back of the property. To accomplish this task, the girls decided to use the Seefelds' Suzuki 250 four-wheel ATV together with a two-wheel utility trailer that Gary Seefeld had designed and constructed. For purposes of this action, State Farm admitted that Gary Seefeld was negligent in designing and constructing the hitch on the two-wheeled trailer: The trailer was attached to the ATV by a bolt rather than a cotter pin.

After the girls had completed their rock-hauling task, they took the ATV and trailer for a joy ride on a township road. At some point during the ride, the bolt used in the hitch worked its way loose. The girls stopped the ATV and reinserted the bolt. After the girls resumed their ride, the bolt fell out again and the trailer became unhitched. The trailer stopped abruptly and Kimberly Smith, who was riding in the trailer, was injured.

Kimberly and her father, Craig J. Smith, commenced a personal injury action in Kanabec County. In their complaint, the Smiths alleged, *inter alia,* that Gary Seefeld negligently designed, constructed, and inspected the utility trailer and that Kelly Seefeld negligently drove the ATV. Both actions were alleged to have caused Kimberly Smith's injuries. State Farm initiated this action against its insureds, Gary and Kelly Seefeld, in December 1988.

██ We construe insurance contracts as a whole and give unambiguous language its plain and ordinary meaning. *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.,* 383 N.W.2d 645, 652 (Minn.1986). However, an insurer has the burden of proving that a policy exclusion applies. *Hubred v. Control Data Corp.,*

442 N.W.2d 308, 310 (Minn.1989). Furthermore, we read exclusions in insurance contracts narrowly against the insurer. *Id.* While the court has no right to read an ambiguity into the plain language of an insurance policy, *Bobich v. Oja,* 258 Minn. 287, 294, 104 N.W.2d 19, 24 (1960), any ambiguity in the insurance contract must be construed in favor of the insured. *Hubred,* 442 N.W.2d at 310.

██ Insurance coverage issues are questions of law for the court. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 886–87 (Minn.1978). As such, a reviewing court is not bound by and need not defer to a lower court's determination of a purely legal question. *A.J. Chromy Constr. Co. v. Commercial Mechanical Serv., Inc.,* 260 N.W.2d 579, 582 (Minn.1977). In this case, we conclude that the trial court erred in holding that the negligent design and construction of the utility trailer was an independent, non-vehicle-related, concurring cause under *Waseca Mutual Insurance Co. v. Noska,* 331 N.W.2d 917 (Minn.1983). We agree with the court of appeals that there is no coverage under the policy because any injury caused by the design and construction of the trailer arose out of the ownership and use of a motor vehicle. *State Farm Ins. Co. v. Seefeld,* 472 N.W.2d 170, 174 (Minn.App.1991).

An individual may recover against both an automobile and homeowner's policy where two independent acts, one vehicle related and one non-vehicle related, combine to cause an injury. *Noska,* 331 N.W.2d at 921. In *Noska,* the insured shoveled ashes into six 55–gallon steel drums which he had placed on the bed of his pickup truck. He then drove the truck about 6 miles to a nearby landfill. As he was driving, sparks flew from the barrels into which he had shoveled the ashes, eventually igniting thousands of acres of land and numerous farm properties and homes. *Id.* at 919.

In discussing the insured's coverage under the automobile liability policy in *Noska,* we first concluded that, "[g]iven that use of a motor vehicle was a contributing, indeed necessary, cause of the fire * * * the

fires did 'arise out of the use of a motor vehicle' as that phrase appears in the automobile policy." *Id.* at 920. However, our conclusion that the injuries arose out of the use of the motor vehicle for purposes of coverage under the automobile liability policy was not "determinative of whether the truck was 'used' so as to exclude coverage under the homeowner's policy." *Id.* at 921. Thus, because the act of placing live embers in uncovered barrels was a non-vehicle-related cause of the fire, the motor vehicle exclusion of the homeowner's policy did not apply. *Id.* at 923.

In this case, the trial court held that Gary Seefeld's negligent design and construction of the utility trailer was an independent, non-vehicle-related, concurring cause of Kimberly Smith's injuries as defined in *Noska*. Although the court of appeals acknowledged that the negligent operation of the ATV was not the sole cause of the accident, the court held that any liability for Gary Seefeld's negligent design and construction of the utility trailer "necessarily arose out of the use of a motor vehicle" and that "the only way in which Kimberly Smith could have been exposed to the design risk was through the use of a motor vehicle." 472 N.W.2d at 172. We agree with the court of appeals' analysis.

The trial court pointed out that, had the trailer not been towed by a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration, it would not have met the policy definition of motor vehicle. Thus, the trial court reasoned, coverage under the policy would have been undisputed.[1] However, we think that the remote possibility the injuries in this case could have been caused without the use of a motor vehicle is insufficient to bring the trailer's negligent design and construction under *Noska*'s concurrent-cause doctrine.

The two causes in this case *arose* independently of each other. The two causes also *operated* in conjunction to bring about the loss.[2] The question under *Noska*, however, is whether the two causes *could have* operated independent of a motor vehicle to cause the loss. In *Noska*, the burning embers might have caused the loss through other negligence unrelated to a motor vehicle; the actual involvement of a motor vehicle did not automatically exclude coverage under the homeowner's policy. Under the facts of this case, we think the design/construction risk could only have been exposed or caused injury through the use of a motor vehicle.

Finally, the trial court concluded that design and construction do not necessarily arise out of a vehicle's ownership or use because the same accident would have occurred if a third party had designed and constructed the trailer. According to the trial court, State Farm's contention that the term "use" extends to any activity utilizing the insured's vehicle, logically excluding all concurrent causes, is contrary to Minnesota law.

While it is true that the negligent design and construction of the trailer do not necessarily involve "ownership" of a motor vehicle, this case does not involve the liability of a third party for negligently manufacturing a utility trailer. Rather, it involves an exclusion from liability for bodily injury arising out of the "use" of a motor vehicle: Any injury caused by the trailer's negligent design and construction could have occurred only through the use of a motor vehicle. Therefore, both the causes of injury were vehicle related and excluded under the policy.

Accordingly, we affirm the court of appeals' decision reversing the trial court's judgment in favor of the insured.

1. Petitioners also argue that if the accident had occurred on the Seefeld's premises, coverage would be available under the policy. We do not agree. As long as the trailer was being towed by the ATV, it was a "motor vehicle" under the policy, irrespective of the situs of injury.

2. For a discussion of dependent versus independent causes, see Comment, *Insurance Law—Concurrent Causation: Examination of Alternative Approaches*, 1985 S.Ill.U.L.J. 527, 533.