AGENCY RENT–A–CAR, INC., Respondent,

v.

## AMERICAN FAMILY MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Appellants,

### Jan S. Olszewski, Defendant.

### No. C9–94–346.

Court of Appeals of Minnesota.

Aug. 2, 1994.

Gregory J. Johnson, Arthur, Chapman, McDonough, Kettering & Smetka, Minneapolis, for respondent.

Richard P. Mahoney, Victor E. Lund, Mahoney, Dougherty and Mahoney, Minneapolis, for appellants.

Considered and decided by PETERSON, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Respondent Agency Rent–A–Car, Inc. initiated a declaratory judgment action seeking indemnification from appellant American Family Mutual Insurance Company for part of the amount that respondent paid to settle a personal injury claim on behalf of the lessee-driver. Appellant challenges the trial court's determination that the rental contract limited respondent's primary omnibus insurance obligations under the Minnesota No–Fault Act and that respondent was entitled to indemnification for the excess payments that it had made. We affirm.

## FACTS

In July 1990, Jared Gruett rented a car from Agency while his own vehicle, which was insured by appellant American Family, underwent repairs. The American Family policy provided liability coverage of $50,000 per person and $100,000 per accident for bodily injuries. In addition to Gruett's own vehicle, the policy covered any other vehicle,

such as a rental car, that he was using as a temporary substitute.

Gruett became involved in a serious automobile accident that caused Jan Olszewski to suffer personal injuries. Olszewski sued both Gruett and Agency,[1] and ultimately settled the claim for $87,000. American Family and Agency each contributed half the settlement, $43,500, but reserved their respective rights to seek total or partial indemnification from the other.

The rental contract between Gruett and respondent provided that respondent would

> settle or defend, as it considers appropriate, any claim or suit seeking damages for bodily injury and or property damage up to the MINIMUM dollar amount required for any one * * * rental automobile, per occurrence, in accordance with the applicable motor vehicle financial responsibility laws of the state in which this agreement of rental was executed.

The rental contract was executed in Minnesota. The parties do not dispute that the statutory minimum amount of omnibus insurance[2] required per person per accident in Minnesota was $30,000. Respondent's rental contract therefore included, by reference, $30,000 of omnibus protection for Gruett.

In June 1990, the Minnesota Department of Commerce had granted respondent a license of self-insurance as a "no-fault reparation obligor." See Minn.Stat. § 65B.48 (1988). In the licensing application, respondent reported that it had a self-insured retention of $500,000 and excess insurance coverage up to $5,000,000.

In June 1992, Agency initiated a declaratory judgment action against American Family for partial reimbursement of the settlement amount. Agency conceded that it was primarily liable to pay $30,000, the statutory minimum amount, but argued that appellant should pay the next $50,000, an amount equal

to the liability limits of Gruett's automobile insurance policy. Appellant answered that respondent should pay the entire amount of the settlement in accordance with its reparation security plan and counterclaimed for full reimbursement of its $43,500 contribution.

The trial court ruled that respondent had limited its omnibus liability for personal injuries to the statutory minimum, notwithstanding the limits of its own personal liability coverage. It held respondent liable for the first $30,000 but held appellant liable for the next $50,000 of the settlement.[3] Because appellant had already paid $43,500, the trial court ordered the company to reimburse respondent for the remaining $6500 of its $50,000 coverage.

## ISSUE

May an automobile rental company, licensed as a self-insured no-fault reparation obligor, contractually limit its omnibus liability coverage so that its primary obligation is less than its own self-insured retention?

## ANALYSIS

■ On appeal from a declaratory judgment action, where the trial court applied the law to undisputed facts, the issues are reviewed as questions of law. *Waste Recovery v. County of Hennepin*, 475 N.W.2d 892, 894 (Minn.App.1991), *pet. for rev. denied* (Minn. Dec. 9, 1991). Here the facts are undisputed; the issue on appeal involves the validity and effect of the insurance limitation clause in respondent's automobile rental contract. This issue of law may be reviewed without deference to the determinations of the trial court. *See State Farm Ins. Co. v. Seefeld*, 481 N.W.2d 62, 64 (Minn.1992).

### 1. Limits of Insurance Coverage.

Appellant argues that respondent was liable for the full amount of the settlement

---

1. Agency was exposed to vicarious liability because it owned the vehicle that caused the accident and it had given Gruett, the alleged tortfeasor, permission to drive it. *See* Minn.Stat. § 170.54 (1990).

2. Omnibus protection is the extension of liability coverage to a permissive user of a motor vehicle owned and insured in the name of another. *See*

*Milbank Mut. Ins. Co. v. United States Fidelity & Guar.*, 332 N.W.2d 160, 165 (Minn.1983).

3. Respondent agreed to pay the $7000 residual uninsured liability for which Gruett was left personally responsible. That portion of the settlement amount is not in dispute in this appeal.

because (1) as owner of the rental vehicle respondent's insurance was closest to the risk, and was therefore primary over appellant's policy; (2) respondent's $500,000 self-insured retention and $5 million excess insurance policy provided omnibus coverage for each permissive driver of its vehicles up to those amounts, and (3) respondent's omnibus liability coverage could not be limited by contract. Appellant further argues that in any case respondent failed to limit its omnibus liability coverage by contract here, because the limitations clauses were ambiguous and unenforceable as contrary to public policy. We agree with respondent that even if its insurance obligation was primary over that of appellant, it successfully contracted to limit that primary insurance obligation to $30,000, the statutory minimum.[4]

■ Under the No–Fault Act, every owner of a motor vehicle licensed, registered, or principally garaged in Minnesota must maintain a "plan of reparation security"

> insuring against loss resulting from liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle.

Minn.Stat. § 65B.48, subd. 1 (1990). A plan of reparation security pays the victim of an automobile accident "basic economic loss benefits and residual liability coverage in amounts not less than those specified" under the Act. *Id.* The statutory minimum amount for bodily injury is $30,000 per person and $60,000 per accident. Minn.Stat. § 65B.49, subd. 3 (1990).

■ Vehicle owners may develop a plan of reparation security either through the purchase of automobile insurance or through "other pledges of indemnity," Minn.Stat. § 65B.42(1) (1990), such as self-insurance. A plan of self-insurance must be approved by the Commissioner of the Department of Commerce. Minn.Stat. § 65B.48, subd. 3 (1990); Minn. R. 2770.6300 (1989). The

Commissioner shall grant self-insurance authority upon determining that the applicant has sufficient assets, secondary coverages, and administrative capacity to meet prospective insurance obligations. *See Anderson v. Northwest Bell Tel. Co.*, 443 N.W.2d 546, 549 (Minn.App.1989); *see also* Minn.Stat. § 65B.48, subd. 3; Minn.R. 2770.6500, subp. 2 (1989) (self-insurance authorization standards).

■ Appellant argues that the liability limits a self-insurer reports to the Commissioner in the form of its self-insured retention must necessarily be coextensive with its omnibus liability limits per person per accident. The Minnesota Supreme Court has held that self-insurance is the functional equivalent of an insurance policy. *McClain v. Begley*, 465 N.W.2d 680, 682 (Minn.1991). But it is the functional equivalent of an insurance policy only for the self-insured obligor, not for permissive drivers. The purpose of self-insurance is to guarantee that the primary obligor has sufficient resources to meet its financial obligations, but it does not specify what those financial obligations may be in every instance.

*McClain* is distinguishable from the facts in the instant case. There the self-insurer's automobile rental contract was invalid under the Minnesota No–Fault Act because it had unlawfully disclaimed any liability coverage at all and attempted to shift the entire insurance obligation to the lessee. 465 N.W.2d at 682. In the absence of any other evidence of the limits of the lessor's omnibus insurance coverage, the supreme court turned to the lessor's self-insured retention. Here, in contrast, respondent executed a valid rental contract outlining the amount of omnibus liability coverage that it made available to its lessees.

*McClain* stands for the narrow proposition that in the absence of any agreement or other evidence to the contrary, and where

---

4. The trial court determined that respondent's coverage for the vehicle was the primary insurance for Gruett's liability. But the dispositive determination in this case is the decision that the limit of respondent's primary omnibus coverage per person per accident was $30,000 and not $500,000. If the trial court had correctly deter-

mined that the coverage limits per person per accident were only $30,000 for respondent and $50,000 for appellant, then the order of coverage in this case was irrelevant, because the $87,000 liability fully exhausted the total coverage afforded by both the parties.

the only evidence of insurance protection for accident victims is found in the obligor's representations to the Commissioner in its application for self-insurance, then those representations shall constitute the limit of the obligor's liability coverage to the accident victims. *McClain* superseded prior decisions that the presumptive amount of a self insurer's omnibus liability insurance, absent any evidence of limits, was the statutory no-fault minimum. *See, e.g. Anderson,* 443 N.W.2d at 548.

Courts in other states differ on whether a vehicle owner may carry one level of liability insurance coverage for itself and a different level of omnibus coverage for permissive users. Wisconsin has a so-called "omnibus statute" which provides that coverage to the named insured is coextensive with coverage for any other person using the insured's vehicle. Wis.Stat. § 632.32(3) (1992); *see also Smith v. National Indem. Co.,* 57 Wis.2d 706, 205 N.W.2d 365 (1973) (applying statute to hold invalid car rental contract limiting liability coverage for renters to less than coverage for rental agency).

Minnesota has no omnibus insurance statute. Courts in states lacking such legislation have held that coverage for the named insured need not be coextensive with omnibus coverage. In *Balboa Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 17 Ariz.App. 157, 496 P.2d 147 (1972), a rental car agency had purchased a liability policy with $100,000/$300,000 coverage but with an endorsement limiting coverage for lessee-operators to $10,000/$20,000, the statutory minimum. The Arizona Court of Appeals held that these differing liability limits were permissible. 496 P.2d at 149. In *National Indem. Co. v. Manley,* 53 Cal.App.3d 126, 125 Cal.Rptr. 513 (1975), the rental agency's liability policy contained an endorsement providing that its coverage was excess over other insurance. On facts not unlike those that the Minnesota Supreme Court faced in *McClain v. Begley,* the California Court of Appeals held that the rental contract was invalid because it wrongfully disavowed any insurance coverage for renters at all. 125 Cal.Rptr. at 518. But the court stated in dicta that an insurer could limit insurance coverage for renters to the statutory minimum. *Id.* We conclude that subject to the statutory minimum amount, an automobile rental company may limit its omnibus liability coverage to less than its own personal liability coverage, and it may do so in the rental contract. *See McClain,* 465 N.W.2d at 685 (Simonett, J., concurring).

### 2. Ambiguity.

■ Appellant claims that even if respondent could legally limit its primary omnibus insurance obligations by contract, the contract in this case was ambiguous and unenforceable as contrary to public policy.

■ An insurance contract is ambiguous if it is susceptible to more than one meaning, or if there exists an irreconcilable conflict between its terms or provisions. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). But we find that the policy language clearly limits omnibus liability coverage to the minimum required under Minnesota law and reserves the right to seek indemnification for any excess payments made by respondent.

■ Appellant also contends that the liability coverage limitations in the rental contract were invalid because they constituted an exculpatory clause. *See Schlobohm v. Spa Petite, Inc.,* 326 N.W.2d 920, 923 (Minn. 1982) (exculpatory clauses not favored in Minnesota). But respondent has never attempted to disavow its vicarious tort liability under Minn.Stat. § 170.54. The issue in dispute is not whether respondent could excuse itself from tort liability, but rather how much of that liability had to be satisfied by respondent's admitted primary insurance obligation, and how much of the remaining liability had to be satisfied by excess insurance obligors.

■ Finally, appellant argues that the rental contract is contrary to law because it permits an insurer to obtain indemnification from its own insureds. But nothing in Minnesota law precludes an insurer from seeking indemnification against an insured for amounts that the insurer overpaid, or that it inadvertently paid for claims not covered by the policy. *See, e.g., Maryland Cas. Co. v. American Lumber & Wrecking Co.,* 204 Minn. 43, 282 N.W. 806 (1938).

■ We conclude that respondent has not unlawfully circumvented its duties as a self-

insured no-fault reparation obligor. The purpose of the No–Fault Act is "[t]o relieve the severe economic distress of uncompensated victims of automobile accidents." Minn. Stat. § 65B.42(1) (1990). But the statute requires only that the injured person receives at least the minimum benefits required by law. *See Rademacher v. Insurance Co. of N. Am.*, 330 N.W.2d 858, 861 (Minn.1983) (stated purpose is to be effected by requiring insurers to offer and automobile owners to maintain plans of reparation security that meet the No–Fault Act's requirements). And limited coverage does not defeat the purpose of the Act, so long as there are no uncompensated victims. *See American Family Mut. Ins. Co. v. Universal Underwriters Ins. Co.*, 438 N.W.2d 701, 703–04 (Minn.App.1989) (permitting insurer of automobile to deny no-fault coverage if other insurance coverage for victims available).

### DECISION

The trial court properly determined that respondent, as the primary omnibus liability insurance obligor, contractually limited its duty to pay insurance to the statutory minimum required under the Minnesota No–Fault Act. Respondent was entitled to seek indemnification against appellant for insurance payments that respondent made in excess of its contractual and statutory obligations.

**Affirmed.**