# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1986

_____

| | | |
|---|---|---|
| Donald Babinski, in his personal capacity and as personal representative of the Estate of John Babinski, | * * * * | |
| Appellee, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of Minnesota. |
| American Family Insurance Group, | * * | |
| Appellant. | * | |

_____

Submitted: December 12, 2008
Filed: June 18, 2009

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

SHEPHERD, Circuit Judge.

Donald Babinski ("Babinski") filed this diversity action seeking a declaratory judgment that the automobile insurance policy (the "Policy") he purchased from American Family Insurance Group ("American Family") provides up to $1,000,000 in liability coverage in a wrongful death suit brought against the estate of his son, John Babinski ("John"), of which Babinski is the personal representative. American Family

_____

[1]The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

responded by arguing that the Policy's household drop-down exclusion limits the liability coverage available in the wrongful death suit to the minimum amount required under state law. Both parties moved for summary judgment. The district court granted summary judgment for Babinski, held that the Policy obligates American Family to indemnify Babinski up to the $1,000,000 policy limit, and awarded attorney's fees. For the reasons discussed below, we reverse.

I.

American Family issued the Policy, which became effective November 16, 2006, in Sioux Falls, South Dakota. The Policy's declarations page names Babinski as the policyholder, identifies a 2004 Dodge Ram pickup as the insured vehicle, and caps coverage for liability resulting from bodily injury at $1,000,000. Babinski purchased the Policy and paid its premiums for the benefit of John, who lived in Crow Wing County, Minnesota, and was the primary driver of the insured vehicle. The Dodge Ram pickup was registered to Babinski's real estate business, Janice's Estates, a Minnesota general partnership that owns and operates real estate in Crow Wing County. The Policy requires American Family to "pay compensatory damages an insured person is legally liable for because of bodily injury" and defines "[i]nsured person" as including "[a]ny person using your insured car." (J.A. 35 (emphases omitted).) The Policy lists 13 exclusions from liability coverage, including this household drop-down exclusion:

> This coverage does not apply to . . .
> 10. Bodily injury to:
>     a. Any person injured while operating your insured car;
>     b. You or any person related to you and residing in your household; or
>     c. Any person related to the operator and residing in the household of the operator.

> This exclusion applies only to the extent the limits of liability of this policy exceed the limits of liability required by law.

(Id. at 36.)

On December 10, 2006, John and his wife, Kathi Babinski ("Kathi"), were killed in an automobile accident in Crow Wing County. John was driving the Dodge Ram pickup; Kathi was sitting in the passenger seat. At the time of the accident, Kathi resided in the same household as John. Early in 2007, Kathi's heirs informed Babinski that they were hiring an attorney and preparing to bring a wrongful death claim against John's estate. Babinski notified American Family of the heirs' intentions. On April 4, 2007, American Family acknowledged the heirs' potential claim and its duty under the Policy to defend Babinski in his capacity as personal representative of John's estate. On June 21, 2007, American Family advised Babinski that it planned to bring a declaratory judgment action in South Dakota to determine the extent of liability coverage available under the Policy. Before American Family executed service in South Dakota, Babinski filed the present action for declaratory judgment in the United States District Court for the District of Minnesota on July 17, 2007. Kathi's heirs commenced their wrongful death claim against John's estate in Hennepin County, Minnesota, in November 2007.

Babinski and American Family filed motions for summary judgment in the present case. American Family argued that, pursuant to the household drop-down exclusion, the extent of liability coverage available under the Policy is equal to the amount of coverage required by law, which in Minnesota is $30,000. See Minn. Stat. § 65B.49, subd. 3(1). Babinski contended that the household drop-down exclusion is unenforceable and that the Policy provides up to $1,000,000 in coverage. In the alternative, Babinski moved to certify to the Minnesota Supreme Court the question of whether household drop-down exclusions are per se unenforceable under Minnesota law. The district court granted summary judgment for Babinski and

ordered American Family to pay $35,712.33 in attorney's fees. The court found that the Policy is "vague, ambiguous, and falls far below any ordinary consumer's reasonable expectation. The American Family policy before this court has a face value of $1 million; it never refers to any other sum. And it is not difficult—it is impossible—to tell from within the policy's four corners the amount it will pay." (Id. at 112.) Because the district court granted Babinski's motion for summary judgment, it did not address his alternative motion for certification. American Family brings this appeal.

## II.

We review de novo the district court's interpretation of state law and its grant of summary judgment. Wolfley v. Solectron USA, Inc., 541 F.3d 819, 823 (8th Cir. 2008). Summary judgment is appropriate when "there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Because this case is in federal court based on diversity jurisdiction, Minnesota's substantive law controls our analysis of the insurance policy."[2] Corn Plus Coop. v. Cont'l Cas. Co., 516 F.3d 674, 678 (8th Cir. 2008). Babinski argues that the Policy's household drop-down exclusion is unenforceable because it is ambiguous and contrary to the reasonable expectations of an insured. American Family asserts that the exclusion is clear and unambiguous, and that Minnesota's reasonable expectations doctrine is not applicable in this case.

## A. Ambiguity

The Policy's household drop-down exclusion is not ambiguous. "Whether a contract is ambiguous is a question of law . . . ." Carlson v. Allstate Ins. Co., 749 N.W.2d 41, 45 (Minn. 2008). Policy language "is ambiguous if it is susceptible to two

---

[2]The parties agree that Minnesota law applies in this case.

-4-

or more reasonable interpretations." Id. "[A]ny ambiguity in the insurance contract must be construed in favor of the insured." State Farm Ins. Cos. v. Seefeld, 481 N.W.2d 62, 64 (Minn. 1992). However, "the court has no right to read an ambiguity into the plain language" of the policy. Id. When it "is clear and unambiguous, the language used must be given its usual and accepted meaning." Lobeck v. State Farm Mut. Auto. Ins. Co., 582 N.W.2d 246, 249 (Minn. 1998) (quotation omitted). "[E]xclusions in a policy [] are as much a part of the contract as other parts thereof and must be given the same consideration in determining what is the coverage." Id. (quotation omitted).

Babinski argues, and the district court agreed, that the drop-down exclusion does not limit coverage to the statutory minimum; instead, the Policy provides full coverage up to $1,000,000. However, neither Babinski nor the district court identifies any language in the exclusion that is reasonably susceptible to such an interpretation. See Carlson, 749 N.W.2d at 45. In finding that the exclusion is ambiguous, the district court focused solely on its inability to locate the specific dollar amount of coverage by searching within the Policy's four corners. (See J.A. 112-13.) When it could not find an exact amount, the court refused to enforce the drop-down exclusion and declared that because the Policy "has a face value of $1 million [and] never refers to any other sum . . . [t]his is a $1 million policy, and so it shall remain." (Id. at 113-14.) Minnesota law does not confine our ambiguity analysis to the Policy's four corners. In fact, the Minnesota Court of Appeals has found no ambiguity in a policy that limited liability coverage to "the MINIMUM dollar amount required" by a state's "motor vehicle financial responsibility laws" and did not provide a specific dollar amount. Agency Rent-A-Car, Inc. v. Am. Family Mut. Auto. Ins. Co., 519 N.W.2d 483, 485, 487 (Minn. Ct. App. 1994). Therefore, the mere fact that we must look beyond the Policy's four corners to state law in order to determine the exact dollar amount of coverage does not render the drop-down exclusion ambiguous under Minnesota law.

The drop-down provision's language plainly excludes liability coverage for "[b]odily [i]njury to . . . [a]ny person related to the operator and residing in the household of the operator" but then limits the scope of the exclusion "to the extent the limits of liability of this policy exceed the limits of liability required by law." (J.A. 36.) In other words, the Policy does not provide liability coverage for bodily injury suffered by Kathi to the extent the Policy's $1,000,000 coverage limit exceeds the $30,000 limit required under Minnesota law.[3] This language is understandable and quite clear even though the specific dollar amount of coverage is determined by reference to state law. The provision simply cannot reasonably be interpreted as providing full coverage up to the $1,000,000 policy limit in this case. If that were true, then the drop-down exclusion would be absolutely meaningless. Because the exclusion is clear and unambiguous, we must enforce its plain language. See Lobeck, 582 N.W.2d at 249. We find that the Policy provides $30,000 in liability coverage for bodily injury suffered by Kathi, who resided with her husband John, the operator of the insured vehicle, at the time of the accident.

## B. Doctrine of Reasonable Expectations

Minnesota's reasonable expectations doctrine does not apply in this case. According to this doctrine, the "objectively reasonable expectations of [insureds] regarding the terms of insurance contracts will be honored even though painstaking

---

[3]Minnesota's $30,000 minimum liability coverage limit is on par with such requirements in other states, which range from $10,000 to $50,000. Alaska and Maine require the highest minimum coverage limit—$50,000. See Alaska Stat. § 28.22.101(d); Me. Rev. Stat. Ann. tit. 29-A, § 1605(1)(c)(2). Florida and Louisiana maintain the lowest—$10,000. See Fla. Stat. § 324.021(7)(a); La. Rev. Stat. Ann. § 32:900(B)(2)(a). Other than Minnesota, states in the Eighth Circuit require $20,000 or $25,000 in coverage. See Ark. Code. Ann. § 27-22-104(b) ($25,000); Iowa Code § 321A.1(11) ($20,000); Mo. Rev. Stat. § 303.190.2(2) ($25,000); Neb. Rev. Stat. § 60-310 ($25,000); N.D. Cent. Code § 39-16-05(3) ($25,000); S.D. Codified Laws § 32-35-70 ($25,000).

study of the policy provisions would have negated those expectations." Carlson, 749 N.W.2d at 48 (quotation omitted). However, as this court has previously observed, Minnesota's doctrine of reasonable expectations is extremely narrow and "applies only on the few 'egregious' occasions when an exclusion is disguised in a policy's definitions section." Allstate Ins. Co. v. Steele, 74 F.3d 878, 881 (8th Cir. 1996) (citing Bd. of Regents of Univ. of Minn. v. Royal Ins. Co. of Am., 517 N.W.2d 888, 891 (Minn. 1994)). In the present case, American Family did not conceal the household drop-down exclusion in the Policy's definitions section. The language excluding coverage above "the limits of liability required by law" appears exactly where an insured would expect—in the Policy's exclusions section. (J.A. 36.) Moreover, we are not persuaded by Babinski's assertion that the household drop-down exclusion is actually a "limitation" or "reduction" and, thus, a reasonable insured would not expect to find it in the Policy's "exclusions" section. (Appellee's Br. 17.) Because the Policy is not ambiguous and does not contain a hidden exclusion, the doctrine of reasonable expectations does not apply. E.g., Levin v. Aetna Cas. & Sur. Co., 465 N.W.2d 99, 102 (Minn. Ct. App. 1991).

III.

Having determined that the Policy's household drop-down exclusion is not ambiguous and that the doctrine of reasonable expectations does not apply, we now turn to the broader question of whether the exclusion is per se unenforceable under Minnesota law. Both parties have moved to certify this question to the Minnesota Supreme Court.[4] "Whether a federal court should certify a question to a state court is a matter of discretion." Johnson v. John Deere Co., 935 F.2d 151, 153 (8th Cir.

---

[4]Babinski moved for certification in the district court as an alternative to his motion for summary judgment. American Family moved for certification on appeal. Babinski then reversed his position regarding certification and opposed American Family's motion.

-7-

1991).  Because we believe that Minnesota law is clear on this issue, we decline to exercise our discretion to certify.

The Minnesota No-Fault Automobile Insurance Act mandates that insurers provide liability coverage "of not less than $30,000 because of bodily injury to one person in any one accident . . . ."  Minn. Stat. § 65B.49, subd. 3(1).  According to the Minnesota Supreme Court, "the purpose of the no-fault act is to fully compensate the insured *to the extent of the mandated insurance*."  Scheibel v. Ill. Farmers Ins. Co., 615 N.W.2d 34, 39 (Minn. 2000) (emphasis added); see also Bundul v. Travelers Indem. Co., 753 N.W.2d 761, 765 (Minn. Ct. App. 2008) ("[T]he statutory minimum insurance limits . . . satisfy the express public policy goal of the no-fault act of ensuring that automobile accident victims will not go 'uncompensated.'").  Although Minnesota's Supreme Court has not specifically addressed the enforceability of household drop-down exclusions, decisions of the Minnesota Court of Appeals "are persuasive authority, and we must follow them when they are the best evidence of what [state] law is."  Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 223 F.3d 873, 883 (8th Cir. 2000) (quotation omitted); see also Comm'r v. Estate of Bosch, 387 U.S. 456, 465 (1967) ("[A]n intermediate appellate state court [] is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (quotation omitted)).

The Minnesota Court of Appeals has consistently held that drop-down exclusions are enforceable so long as they satisfy the minimum coverage limits in Minnesota's no-fault act.  See Frey v. United Servs. Auto. Ass'n, 743 N.W.2d 337, 341 (Minn. Ct. App. 2008) ("an automobile insurance policy that provides for reduced-liability (drop-down) limits on bodily-injury coverage for resident family members is valid and enforceable" so long as it "do[es] not omit coverage required by law"); see also Bundul v. Travelers Indem. Co., 753 N.W.2d 761, 766-67 (Minn. Ct. App. 2008) (household exclusion in umbrella policy was enforceable because it

required the policyholder to maintain primary liability coverage in amounts that satisfied the no-fault act); State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co., 625 N.W.2d 160, 163-65 (Minn. Ct. App. 2001) (establishing one policy limit for certain classes of insureds and another limit for other classes of insureds does not violate Minnesota law). In light of these intermediate appellate court decisions and the Minnesota Supreme Court's observations concerning the purpose of the no-fault act, we are satisfied that household drop-down exclusions are valid and enforceable under Minnesota law so long as they meet the minimum statutory coverage limits. Because the drop-down provision in this case excludes coverage "only to the extent the limits of liability of this policy exceed the limits of liability required by law" (J.A. 36), it is enforceable in Minnesota.

## IV.

In conclusion, the Policy's household drop-down exclusion is enforceable under Minnesota law. The district court erred by granting Babinski's motion for summary judgment and by denying American Family's motion for summary judgment. Accordingly, we reverse the district court's judgment and remand with instructions to enter summary judgment for American Family. As Babinski is no longer the prevailing party in this case, we also vacate the district court's award of attorney's fees.

GOLDBERG, Judge, dissenting.

In my view, the step-down provision at issue in this case is sufficiently ambiguous to render it unenforceable. The provision states, "This exclusion applies only to the extent the limits of liability of this policy exceed the limits of liability required by law." Ambiguity in a contract is determined from the viewpoint of a layperson, not a lawyer. Mut. Serv. Cas. Ins. Co. v. Wilson Twp., 603 N.W.2d 151, 153 (Minn. Ct. App. 1999). I believe that it is no accident that the insurance company

crafted this murkily worded provision so that a reasonable person would be unable to readily interpret the language.

The provision notably makes no reference to which state's law should apply or even what method will be used to choose the applicable law, e.g., a reference to the law of the state where the accident occurred.[5]  In <u>Agency Rent-A-Car, Inc. v. Am. Family Mut. Ins. Co.</u>, 519 N.W.2d 483, 485 (Minn. Ct. App. 1994), cited by the court, the Minnesota Court of Appeals found a provision referring to "the applicable motor vehicle financial responsibility laws of the state in which this agreement of rental was executed" to be unambiguous.  However, this provision, at a minimum, provides the reader of the contract the ability to determine which state's law will be applied, i.e., that state where the rental agreement was executed.  In this case, even if we look beyond the Policy's four corners to state law, we cannot determine with precision what law should apply in the provision.  Thus, regardless if the rest of the provision's meaning is discernable, if its application is unascertainable, the provision is ambiguous.  As the court pointed out, "any ambiguity in the insurance contract must be construed in favor of the insured." <u>State Farm Ins. Cos. v. Seefeld</u>, 481 N.W.2d 62, 64 (Minn. 1992).  I thus respectfully dissent from the court's opinion and I would affirm the district court's decision.

————————————————

[5]While the Policy was issued in South Dakota, the accident occurred in Minnesota.  South Dakota law indicates a statutory liability minimum of $25,000. Minnesota law states a statutory liability minimum of $30,000.