United States Court of Appeals
For the Eighth Circuit
No. 16-3427

Food Market Merchandising, Inc., a Minnesota corporation

*Plaintiff - Appellant*

v.

Scottsdale Indemnity Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 9, 2017
Filed: May 25, 2017

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Food Market Merchandising, Inc. sued Scottsdale Indemnity Company for coverage under a Business and Management Indemnity Policy. Both parties moved

for summary judgment. The district court[1] granted Scottsdale's motion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The policy covers "only claims first made against the insured during the policy period . . . and reported to the insurer pursuant to the terms of the relevant coverage section." The "Notification" provision of the coverage section at issue states:

> The **Insureds** shall, as a condition precedent to their rights to payment under this Coverage Section only, give **Insurer** written notice of any **Claim** as soon as practicable, but in no event later than sixty (60) days after the end of the **Policy Period**.

Section E.1. (bolded words in original, defined in policy).

In January 2014, former employee Robert Spinner sued Food Market, seeking unpaid commissions. In June, a court granted partial summary judgment for Spinner, awarding twice the unpaid commissions and attorney's fees. It did not reduce the award to judgment. (The parties settled two years later).

In August 2014—during the policy period—Food Market notified Scottsdale of the Spinner lawsuit. It sought defense and indemnification under the "Employee Insuring" provision of the Employment Practices coverage:

> **Insurer** shall pay the **Loss** of the **Insureds** which the **Insureds** have become legally obligated to pay by reason of an **Employment Practices Claim** first made against the **Insureds** during the **Policy Period** or, if

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

elected, the **Extended Period**, and reported to the **Insurer** pursuant to Section E.1. herein, for an **Employment Practices Wrongful Act** taking place prior to the end of the **Policy Period**.

In September, Scottsdale tentatively denied coverage.

In June 2015, Food Market sued Scottsdale for coverage, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment. A week later, Scottsdale formally denied coverage, stating Food Market's notice was untimely and its claim outside the policy's scope.

Both parties moved for summary judgment. The district court granted summary judgment to Scottsdale, finding "no genuine issue that [Food Market] failed to notify Scottsdale of the Spinner Litigation as soon as practicable. Because timely notice is a condition precedent to payment under the Policy, Scottsdale's duty to defend/indemnify was never triggered, and Scottsdale is entitled to judgment as a matter of law."

This court "review[s] de novo the district court's interpretation of state law and its grant of summary judgment." *Babinski v. American Family Ins. Group*, 569 F.3d 349, 351 (8th Cir. 2009). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law.'" *Id.* (alteration in original), *quoting* **Fed. R. Civ. P. 56(c)**. "Because this case is in federal court based on diversity jurisdiction, Minnesota's substantive law controls [the court's] analysis of the insurance policy." *Id.* at 351-52. This court may affirm summary judgment "on any grounds supported by the record." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

II.

Food Market argues the district court erred in finding it did not provide timely notice under the policy.

A.

Food Market believes its notice was timely because it had a "claims-made" policy and gave notice within the claims period. Under Minnesota law, "[a] claims-made policy requires the insured to give notice of the claim during the policy period." *Cargill, Inc. v. Evanston Ins. Co.*, 642 N.W.2d 80, 86 n.3 (Minn. Ct. App. 2002), *review denied* (Minn. June 26, 2002). Here, the "policy did not require notice to be given during the policy period, but instead only required that notice be given as soon as practicable," *id.*, but "in no event later than sixty (60) days after the end of the Policy Period." "As such, it does not precisely fit the definition of a claims-made policy in Minnesota." *Id.* "Ultimately, classification of the [] policy is irrelevant to an analysis of the issue needing decision: did [Food Market] give notice as soon as practicable?" *Id.*

B.

Food Market contends the district court erred in finding no genuine issue of material fact about the timeliness of notice. The policy required Food Market give Scottsdale written notice of any claim "as soon as practicable, but in no event later than sixty (60) days after the end of the Policy Period." "Generally, whether the notice was given as soon as practicable is a fact-dependent question for a jury to determine." *Id.* at 86, *citing* **St. Paul Fire & Marine Ins. Co. v. Wabash Fire & Cas. Ins. Co.**, 264 F. Supp. 637, 642-43 (D. Minn. 1967). "A court may grant summary judgment, however, when there is no genuine issue of material fact." *Id.* at 87, *citing* **DLH, Inc. v. Russ**, 566 N.W.2d 60, 71 (Minn. 1997). "There is no genuine issue of

material fact when the nonmoving party presents evidence creating only a metaphysical doubt as to a factual issue or the evidence is not sufficiently probative to permit reasonable persons to draw different conclusions." *Id.*, *citing DLH*, 566 N.W.2d at 71.

Food Market presented no evidence that providing notice over seven months after Spinner sued was "as soon as practicable." As the district court found:

> Here, Spinner sued [Food Market] on January 13, 2014, and [Food Market] did not tender the matter to Scottsdale until August 22, 2014—some seven months later. During that time, [Food Market] hired counsel, litigated the case, and negotiated with Spinner, all without seeking Scottsdale's involvement. [Food Market] has failed to explain its delay, averring only that it "did not deliberately refrain from making an insurance claim at an earlier date. It retained representation to defend it in the Spinner litigation, and in the course of that representation, [Food Market]'s attorneys provided notice to Scottsdale." Nowhere does it identify facts from which a reasonable factfinder could conclude it provided notice to Scottsdale "as soon as practicable."

(citations omitted).

Food Market says the court failed to consider whether: (1) the insurer's ability to investigate the claim was inhibited; (2) the underlying claim had yet been reduced to judgment; or (3) any facts in the underlying claim changed from when the insured knew of the claim until the insurer received notice. But these address whether the delay prejudiced Scottsdale, a showing both parties admit is not required where, as here, notice is a condition precedent to coverage. *See id.* ("Evanston should not be required to make a showing of prejudice. If the 'notice of loss is a condition precedent of liability under the insurance contract, noncompliance with that provision is fatal to recovery.'"), *quoting Sterling State Bank v. Virginia Sur. Co.*, 173 N.W.2d 342, 346 (Minn. 1969). The policies in Food Market's cases do not have the

"condition precedent" notice language here, and thus do not control. *See **Cary v. National Sur. Co.***, 251 N.W. 123, 126 (Minn. 1933); ***Hooper v. Zurich Am. Ins. Co.***, 552 N.W.2d 31, 36-37 (Minn. Ct. App. 1996). *See also **North Star Mut. Ins. Co. v. Midwest Family Mut. Ins. Co.***, 634 N.W.2d 216, 220 n.1 (Minn. Ct. App. 2001) (noting that the language "as soon as reasonably possible" alone "does not create a condition precedent").

In *Cargill, Inc. v. Evanston Insurance Co.*, the court of appeals addressed notice "as soon as practicable" as a condition precedent. That court reversed summary judgment for the insurer on the issue of timely notice, finding a question of fact:

> In this case, Cargill claims it waited as long as it did to notify Evanston due to the presence of a $1 million deductible provision in the Evanston policy. Cargill argues that it would have been pointless to notify Evanston at an earlier time because Cargill's costs in relation to the cleanup had not exceeded the $1 million limit. This court makes no assessment regarding the ultimate success of this argument. We conclude, however, that it would not be wholly unreasonable for a fact-finder to determine that, under the circumstances, it was practical for Cargill to wait until the $1 million deductible was exceeded. Cargill should have been permitted to make its argument to a fact-finder.

*Cargill*, 642 N.W.2d at 87.

The district court here cited *Cargill*, stating that "[a] fact issue may be present, for example, where an insured offers some plausible reason for its delay." Unlike *Cargill*, the court found Food Market offered no reasons for delay.

The district court properly found no genuine issue of material fact about the timeliness of notice.

C.

Food Market asserts the policy's notification provision is ambiguous. "Whether a contract is ambiguous is a question of law." *Babinski*, 569 F.3d at 352. Deciding whether an ambiguity exists, the court must read the policy "as a whole." *Mutual Serv. Cas. Ins. Co. v. Wilson Twp.*, 603 N.W.2d 151, 153 (Minn. Ct. App. 1999). "Language in a policy is ambiguous if it is susceptible to two or more reasonable interpretations." *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn. 2008). While "any ambiguity in the insurance contract must be construed in favor of the insured," a "court has no right to read an ambiguity into the plain language of an insurance policy." *State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn. 1992).

Citing *Cargill*, Food Market claims the phrase "as soon as practicable" is ambiguous. But, in *Cargill*, the court found the phrase unambiguous: the "policy unambiguously states that *[a]s a condition precedent* to his right to the protection afforded by this policy, the Insured shall, as soon as practicable, give the Company written notice of any claim made against him." *Cargill*, 642 N.W.2d at 87. Applying the unambiguous condition precedent to the facts of that case, the court concluded that "it would not be wholly unreasonable for a fact-finder to determine that, under the circumstances, it was practical for Cargill to wait until the $1 million deductible was exceeded [before giving notice]." *Id.* *Cargill* refutes Food Market's proposition that "the phrase 'as soon as practicable' is inherently susceptible to more than one reasonable meaning." Rather, it shows how an unambiguous provision creates a question of fact if the insured offers reasons for delay.

Food Market also relies on *George K. Baum & Co. v. Twin City Fire Ins. Co.*, 760 F.3d 795 (8th Cir. 2014). Although *Baum* has similar language—"as soon as practicable, but in no event later than sixty (60) days after the POLICY EXPIRATION DATE"—it is distinguishable. *Id.* at 801. First, it is based on New York law. *Id.* at 797. Second, this court held the policy was "ambiguous regarding

-7-

any timely notice requirement *applicable to later liabilities arising from a timely original claim*." ***Id.*** at 801 (emphasis added). This court did not address the issue here: whether the phrase "as soon as practicable" is ambiguous regarding timely notice *for an original claim*. In fact, *Baum* found the insurer's interpretation of the policy unreasonable because it ignored "in no event later than sixty (60) days after [the policy's expiration]," a phrase the court found "textually applies to, and limits, the preceding 'as soon as practicable.'" ***Id.*** at 802. Similarly, Food Market's interpretation ignores the phrase "as soon as practicable." As the district court concluded, Food Market's interpretation of the condition precedent—requiring notice only within 60 days of the policy's expiration—"render[s] the phrase 'as soon as practicable' meaningless."

The district court properly found the policy unambiguous.

D.

Food Market thinks Scottsdale waived its timeliness argument by failing to assert notice as a reason for denying coverage. *See **Minnesota Farm Bureau Serv. Co. v. American Cas. Co. of Reading, Pa.***, 167 F. Supp. 315, 319 (D. Minn. 1958), *reversed on other grounds*, 270 F.2d 686 (8th Cir. 1959) ("It is the law in Minnesota and many other jurisdictions that a refusal by an insurer to pay a claim or to defend an action on the grounds that the loss occurred in consequence of risk not covered by the policy is in itself a waiver of the policy provisions requiring notice."). This argument is not supported by the record. Although Food Market says Scottsdale "tentatively denied coverage based on scope," not notice, the district court found, and Food Market does not dispute, that "Scottsdale's denial letter explicitly cited untimely notice as one of the reasons Scottsdale had denied coverage." No precedent requires waiver based on tentative coverage conversations. The district court properly concluded "Scottsdale expressly relied upon the notice provision when denying coverage." There is no waiver.

## III.

For the first time in the reply brief, Food Market argues "the Policy's condition precedent affects [its] rights to payment only" and not its duty to defend. It also argues, for the first time, that the district court erred in granting summary judgment to Scottsdale on Food Market's good faith and fair dealing claim. "As a general rule, [this court] will not consider arguments raised for the first time in a reply brief," and declines to do so here. *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____