ILLINOIS FARMERS INSURANCE COMPANY, Appellant,

v.

Michael Terrance DUFFY, Jason Robert Duffy, Mathias Joseph Conroy, Linda E. Brockway, as Trustee for the Heirs of Kevin G. Brockway, Mark Roy Adams, Jr., a minor, by and through his parent and natural guardian, Mark Adams, Respondents.

No. C4-00-782.

Court of Appeals of Minnesota.

Nov. 7, 2000.

Laura L. Myslis, Gislason & Hunter, LLP, Minnetonka, MN (for appellant).

Michael Terrance Duffy, Maplewood, MN (pro se respondent).

Jason Robert Duffy, St. Paul, MN (pro se respondent).

Joel A. Montpetit, Montpetit, Freiling & Kranz, So. St. Paul, MN (for respondent Matthias Conroy).

Michael D. O'Neill, Brian M. Meloy, O'Neill, Grills & O'Neill, P.L.L.P. St. Paul, MN (for respondent Linda E. Brockway).

Harry A. Sieben, Jr., Jeffrey M. Montpetit, Sieben, Grose, Von Holtum, McCoy & Carey, Ltd., Minneapolis, MN (for respondent Mark Roy Adams, Jr.).

Considered and decided by TOUSSAINT, Chief Judge, PETERSON, Judge, and WILLIS, Judge.

## OPINION

TOUSSAINT, Chief Judge

The district court, in a declaratory judgment action, determined that a home-owner's insurance policy provided coverage for injuries and death resulting from a motor vehicle accident that occurred after the insureds supplied alcohol to the minor driver. The insurer appeals, contending that the insureds' act of providing alcohol to minors did not constitute an "occurrence" within the meaning of the insurance policy and the motor vehicle and intentional act exclusions apply. We reverse, concluding that the act of supplying alcohol to minors is not a covered occurrence under the homeowner's policy and that the motor vehicle exclusion of that same policy applies.

## FACTS

The basic facts are undisputed. Michael Duffy (1) allowed his underage daughter to hold a New Year's Eve party at their house and (2) purchased alcohol to be served at the party, as did his 21-year-old son, Jason Duffy. Two teenagers who attended the party, Kevin Brockway and Mark Adams, left together. Brockway, the intoxicated driver, lost control of his vehicle, hit a tree and was killed. Adams, who was a passenger in the Brockway vehicle, was injured. Michael Duffy pleaded guilty to six gross misdemeanors, and Jason Duffy pleaded guilty to a misdemeanor for furnishing alcohol to minors.

The injured passenger and the trustee for the deceased driver sued the Duffys, who tendered defense of the lawsuit to Illinois Farmers Insurance Company, their homeowner's liability insurer. The insurer brought a declaratory judgment action, contending it was not obligated to defend or indemnify the Duffys. The district court granted summary judgment in favor of respondents, finding coverage, and the insurer appeals.

## ISSUES

I. Was the act of providing alcohol to minors an "occurrence" within the meaning of the homeowner's policy?

II. Does the motor vehicle exclusion in the homeowner's policy preclude coverage?

## ANALYSIS

■ On review of a summary judgment, an appellate court will assess whether there are genuine issues of material fact and whether the district court erred as a matter of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The interpretation of insurance language is a question of law, which we review de novo. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992).

■ "General principles of contract interpretation apply to insurance policies." *Lobeck v. State Farm Mut. Auto. Ins. Co.,* 582 N.W.2d 246, 249 (Minn.1998). If the language is clear and unambiguous, it "must be given its usual and accepted meaning." *Id.* (quotation omitted). An appellate court will construe exclusions from coverage narrowly. *State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn. 1992). The burden of proving that the policy exclusion bars coverage rests on the insurance company. *Id.*

### I.

The homeowner's policy defines occurrence as

an accident including exposure to conditions which results during the policy period in bodily injury or property damage. Repeated or continuous exposure to the same general conditions is considered to be one occurrence.

(Emphasis omitted) An "accident" includes "all negligently caused injury, provided such injury was not intentional." *Milbank Ins. Co. v. B.L.G.,* 484 N.W.2d 52, 58 (Minn.App.1992) (citations omitted), *review denied* (Minn. July 16, 1992). Respondents contend that because the Duffys did not intend to cause the harm that resulted, their actions were covered under the policy. While it is undisputed that the Duffys did not intend to cause harm, the inquiry

does not end there. Instead, we must examine the nature of the acts that respondents contend are covered.

This court has discussed the meaning of "occurrence" and "accident" when the insured intended the wrongful act, but did not intend to cause the harm that resulted. *Gilman v. State Farm Fire & Cas. Co.,* 526 N.W.2d 378, 382 (Minn.App.1995) (addressing situation in which insured tackled another, causing the other to suffer a broken ankle). In addressing whether the act of tackling was an occurrence under the policy, this court concluded that

the proper analysis requires the factfinder to determine whether the *wrongful or tortious event* was an accident. * * * [I]n this case, the wrongdoing was the tackle, which the jury found was not "unexpected, unforeseen, or undesigned," and was not negligent.

We hold that in cases such as this, where there is an allegedly tortious and nonconsensual act, the jury should properly be instructed that an "accident" is an "unexpected, unforeseen, or undesigned" happening, and that it includes negligently caused injury that was not intentional. The "happening" is the wrongful or tortious act or event.

*Id.* at 383.

■ In this case, the wrongful or tortious events for which the insureds sought coverage were their actions of supplying alcohol to minors. It is undisputed that giving alcohol to minors was wrongful; the Duffys later pleaded guilty to criminal charges for their conduct. Because the wrongful or tortious acts were not accidental, they do not constitute an occurrence within the meaning of the policy. Consequently, the unintended harm that resulted is not covered under the policy.

### II.

■ We also address whether the motor vehicle exclusion applies. The homeowner's policy excludes coverage for injuries arising out of the use of a motor

vehicle.[1] A plaintiff nonetheless may recover on the tortfeasor's homeowner's policy for injuries sustained through the use of a motor vehicle where "two independent acts, one vehicle-related and one nonvehicle-related, were involved." *Waseca Mut. Ins. Co. v. Noska*, 331 N.W.2d 917, 921 (Minn.1983) (footnote omitted). The determinative question "is whether the two causes *could have* operated independent of a motor vehicle to cause the loss." *Seefeld*, 481 N.W.2d at 65. But if there is only a "remote possibility" that injury could have occurred from the concurrent cause without a motor vehicle, the doctrine will not be applied. *Id.*

In *Seefeld*, the injury arose when the insured was negligently driving an all-terrain vehicle and pulling a negligently designed and constructed trailer. *Id.* at 64. Because the injury caused by the trailer could have occurred only through the use of a motor vehicle, both causes of injury were deemed related to a motor vehicle and subject to the motor vehicle exception in the homeowner's insurance. *Id.* at 65. In contrast, in *Noska*, when the insured hauled barrels of live embers in a truck, and the barrels emitted sparks that ignited fires, the act of placing the live embers in the barrels was deemed a concurring, nonvehicle-related act covered by homeowner's insurance. *Noska*, 331 N.W.2d at 923.

Respondents contend that the act of furnishing alcohol to a minor, who subsequently drives a motor vehicle, is equivalent to placing live embers into a barrel, to be subsequently transported by a motor vehicle. They assert that just as damages could have resulted from the live embers without the act of driving, so too the intoxicated minors could have been injured through the use of alcohol without a motor vehicle, such as from alcohol poisoning or sustaining injuries from a fight.

We disagree. As in *Seefeld*, 481 N.W.2d at 65, the death and injuries here were directly linked to the motor vehicle. Absent the minor driver's use of the motor vehicle, the resulting injuries and death would not have occurred. Consequently, we hold that under the motor vehicle exclusion, the homeowner's insurance does not provide coverage. In light of this decision, we need not reach the application of the exclusion for intentional acts.

## DECISION

The decision by the district court determining that the homeowner's insurance policy provided coverage is reversed.

**Reversed.**

---

1. We find no support in the policy for respondent Brockway's claim that the exclusion applies only to motor vehicles owned by or rented to the insured.