**HEALTH PERSONNEL, Appellant,**

v.

**Karen PETERSON, Respondent.**

**No. C3-01-24.**

Court of Appeals of Minnesota.

June 26, 2001.

Review Denied Aug. 22, 2001.

Patrick T. Tierney, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, for appellant.

Matthew J. Hanzel, Carolin J. Nearing, Garaghty, O'Loughlin & Kenny, P.A., St. Paul, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, and RANDALL, Judge, and HARTEN, Judge.

## OPINION

HARTEN, Judge.

Appellant moved for leave to file a supplemental complaint in garnishment against an insurer after entering into a Miller–Shugart agreement[1] with the insured. Following oral argument, the district court found no probable cause that the insurer was liable to appellant and denied the motion. Appellant challenges that denial.[2]

## FACTS

Appellant Health Personnel, a provider of professional home health care services, arranged for Karen Peterson, a nurse, to provide home health care to one of appel-

---

1. See *Miller v. Shugart*, 316 N.W.2d 729, 731 (Minn.1982) (approving a variety of tort settlement where an insured tortfeasor agrees to an adverse judgment provided it is enforceable only against the tortfeasor's insurer).

2. The district court originally issued an order granting the motion to amend, but the parties stipulated to vacation of that order to determine whether probable cause exists pursuant to Minn.Stat. § 571.75, subd. 4 (2000).

lant's clients. The care was to be paid for by the Department of Human Services (DHS). Before care is provided, DHS requires providers to obtain a physician's certificate that home health care services are required and authorized. Peterson did not obtain a physician's certificate before providing $92,591 worth of home health care.

DHS was billed for and paid the $92,591, but later notified appellant that, because Peterson had not obtained a physician's certificate before providing the care, DHS was not liable for payment and would offset $92,591 from future payments owed appellant.

Appellant then sued Peterson. Peterson tendered the defense to her insurer, American Casualty Company of Reading, PA. (ACC). But because Peterson's policy excluded coverage for "the return or withdrawal of fees or government payments imposed directly upon [the insured]," ACC refused to defend her.

Appellant and Peterson settled with a Miller–Shugart stipulation that judgment in the amount of $92,591 would be entered against Peterson and that appellant would attempt to recover only from ACC.

## ISSUE

Was there probable cause for granting appellant's motion to file a supplemental complaint in garnishment?

## ANALYSIS

■ "Insurance coverage issues are questions of law for the court." *State Farm Ins. Cos. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992) (citation omitted). Our review is therefore de novo.

■ Minn.Stat. § 571.75, subd. 4 (2000), provides:

[W]here the garnishee denies liability, the creditor may move the court * * * for an order making the garnishee a party to the civil action and granting the creditor leave to file a supplemental complaint against the garnishee and the debtor. The supplemental complaint shall set forth the facts upon which the creditor claims to charge the garnishee. If probable cause is shown, the motion shall be granted.

ACC contends, and the district court concluded, that no probable cause was shown. We agree.

Exclusion "J" in Peterson's policy states that the policy does not provide coverage for "any fines, penalties, the return or withdrawal of fees or government payments imposed directly upon *you* [the insured]." (Emphasis in original.) The obligation to return government payment here was imposed directly on Peterson, the insured, when the district court entered judgment against her, and appellant agreed at oral argument that the policy does not provide coverage for Peterson herself.

Appellant argues, however, that the policy does provide coverage for the return of government payments imposed on an entity other than the insured. But permitting an insured who is excluded from coverage to obtain coverage by transferring the obligation to a third party would effectively void the exclusion. Appellant's reading equates an exclusion of liability for an obligation imposed on the insured to an acceptance of liability for the same obligation if imposed on a third party.[3] There is no reason to suppose either that an

---

**3.** Appellant commits the logical fallacy of denying the antecedent, essentially arguing that the hypothetical syllogism "if an entity is the insured, then coverage is denied," means that "if an entity is not the insured, then coverage is not denied."

insurer would accept such liability or that an insured would purchase such coverage.[4]

## DECISION

Appellant does not show probable cause for ACC's liability. The district court did not err in denying the motion to file a supplemental complaint in garnishment.

**Affirmed.**

4. Because we conclude that the policy exclusion precludes ACC's liability to appellant, we do not address appellant's alternative arguments that the policy is ambiguous and that Peterson had a reasonable expectation of coverage, nor do we address ACC's contention that these alternative arguments are not properly before us.